IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JACOB HOUSTON, #457298,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 21-cv-00119-JPG |
| | ) |
| **ST. CLAIR COUNTY JAIL,** | ) |
| **OFFICER ANDERSON,** | ) |
| and **OFFICER NICHOLS,** | ) |
| | ) |
| **Defendants.** | ) |

# MEMORANDUM & ORDER

**GILBERT, District Judge:**

Plaintiff Jacob Houston, a detainee at St. Clair County Jail ("Jail"), filed this civil rights action *pro se* pursuant to 42 U.S.C. § 1983. (*See* Doc. 11). In the First Amended Complaint, Plaintiff complains about unconstitutional conditions of confinement at the Jail, including overcrowding, no beds, black mold, poor ventilation, bugs, broken toilets, and exposure to coronavirus. (*Id*. at 6, 10-11). Plaintiff has suffered from a "lung condition" his entire life, and these conditions exposed him to the unnecessary risk of serious illness. He filed grievances to complain about the conditions with Officers Anderson and Nichols, but nothing was done to address them. (*Id*. at 4-5, 10-11). Plaintiff now seeks monetary relief. (*Id*. at 7).

The First Amended Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

1

Based on the allegations summarized above, the Court finds it convenient to designate the following count in the *pro se* First Amended Complaint:

**Count 1:**   Eighth and/or Fourteenth Amendment claim against Defendants for subjecting Plaintiff to unconstitutional conditions of confinement at the Jail.

**Any claim in the First Amended Complaint that is not addressed herein should be considered dismissed without prejudice as inadequately pled under *Twombly*.**[1]

### Discussion

Because it is unclear whether Plaintiff was a convicted prisoner or a pretrial detainee when his claim arose, the Court is unable to determine whether Count 1 is governed by the Eighth Amendment or the Fourteenth Amendment. The Eighth Amendment deliberate indifference standard articulated in *Farmer v. Brennan*, 511 U.S. 825, 834 (1994), is applicable if Plaintiff was a convicted prisoner during the relevant time period. *Estelle v. Gamble*, 429 U.S. 97 (1976). The Fourteenth Amendment objective unreasonableness standard articulated in *Miranda v. County of Lake*, 900 F.3d 335 (7th Cir. 2018), governs Plaintiff's claims if he was a pretrial detainee. The allegations support a claim against the officers under both standards. Therefore, Count 1 shall receive further review against Defendants Anderson and Nichols.

However, the St. Clair County Jail shall be dismissed. The Jail is not a "person" subject to suit under Section 1983. It is not even a suable entity. According to Federal Rule of Civil Procedure 17, a defendant must have the legal capacity to be sued. *See* FED. R. CIV. P. 17(b). The "St. Clair County Jail" has no capacity to be sued under Section 1983. Accordingly, Count 1 shall be dismissed with prejudice against the Jail.

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

**Disposition**

**IT IS ORDERED** that the First Amended Complaint (Doc. 11) survives screening under 28 U.S.C. § 1915A. **COUNT 1** shall receive further review against **OFFICER ANDERSON** and **OFFICER NICHOLS**. However, **COUNT 1** is **DISMISSED** with prejudice against **ST. CLAIR COUNTY JAIL**. The Clerk's Office is **DIRECTED** to **TERMINATE** the St. Clair County Jail as a defendant in CM/ECF.

**IT IS ORDERED** that as to **COUNT 1**, the Clerk of Court shall prepare for Defendants **ANDERSON** and **NICHOLS**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint (Doc. 11), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If any Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that Defendant's current work address, or, if not known, that Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the First Amended Complaint (Doc. 11) and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

**Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merits Review Order.**

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED**.

**DATED: 5/21/2021**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**

## Notice

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendant will enter her appearance and file an Answer to your complaint. It will likely take at least 60 days from the date of this Order to receive the defendant's Answer, but it is entirely possible that it will take 90 days or more. The Court will then enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendant before filing any motions, in order to give the defendant notice and an opportunity to respond to those motions. Motions filed before the defendant's counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.