IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JACOB HOUSTON, #457298, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 21-cv-00119-JPG |
| | ) | |
| ANDERSON, | ) | |
| and NICHOLS, | ) | |
| | ) | |
| Defendants. | ) | |

# ORDER DISMISSING CASE

**GILBERT, District Judge:**

On February 2, 2021, Plaintiff Jacob Houston filed this action pursuant to 42 U.S.C. § 1983 (Doc. 1), along with a Motion for Leave to Proceed *in forma pauperis* ("IFP Motion") (Doc. 2). In the Amended Complaint filed February 22, 2021, Plaintiff brings claims for alleged constitutional deprivations that occurred in connection with the conditions of his confinement at St. Clair County Jail. (Docs. 9 and 11).

A Notice and Order was entered at the time the case was opened. (Doc. 4). Among other things, Plaintiff was advised of his obligation to notify the Court of any address changes within seven (7) days of any change. (*Id.*). He was also warned that failure to do so could result in dismissal of his case. (*Id.*). The Court reminded Plaintiff of this obligation in an Order for Service of Process entered May 21, 2021. (Doc. 13, p. 4). He was again warned that this action would be dismissed if he failed to provide this notification. (*Id.*) (citing FED. R. CIV. P. 41(b)).

Despite these warnings, Plaintiff's mail from the Court has consistently been returned "undeliverable" because Plaintiff is no longer in the custody of the Jail. (Docs. 13-17, 22-24). In

1

fact, the Court has received no communication from Plaintiff since he filed his Amended Complaint on February 22, 2021. (Doc. 9).

He has failed to update his address as required. The Court will not allow this matter to linger indefinitely. This action shall be dismissed without prejudice based on Plaintiff's failure to comply with the Court's Orders to update his address (Docs. 4 and 13). *See* FED. R. CIV. P. 41(b); *Lucien v. Brewer*, 9 F.3d 26, 28 (7th Cir. 1993) (stating dismissal is a "feeble sanction" if it is without prejudice; "Rule 41(b) states the general principle that failure to prosecute a case should be punished by dismissal of the case with prejudice."). Plaintiff has failed to comply with the Court's Orders (Docs. 4 and 13) and also failed to prosecute his claims.

## Disposition

**IT IS ORDERED** that this action is **DISMISSED** with prejudice, based on Plaintiff's failure to comply with multiple Court Orders (Docs. 4 and 13) and his failure to prosecute his claim(s) herein. *See* FED. R. CIV. P. 41(b). The dismissal of this action does <u>not</u> count as a "strike" under 28 U.S.C. § 1915(g).

Plaintiff is **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, regardless of subsequent developments in the case. Accordingly, the $350.00 filing fee remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: 7/12/2021**　　　　　　　　　　　　　　　　s/J. Phil Gilbert
　　　　　　　　　　　　　　　　　　　　　　　　　　**J. PHIL GILBERT**
　　　　　　　　　　　　　　　　　　　　　　　　　　**United States District Judge**